1  Brandt L. Wolkin, Esq. SBN 112220
2  David F. Myers, Esq., SBN 185102
   Wolkin · Curran, LLP
3  555 Montgomery Street, Suite 1100
   San Francisco, California 94111
4  Telephone:    (415) 982-9390
   Facsimile:    (415) 982-4328
5
   Attorneys for Plaintiff,
6  NIC INSURANCE COMPANY

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**



10

11  NIC INSURANCE COMPANY, a New York          Case No.
    Corporation,
12
                        Plaintiff,
13                                              **COMPLAINT FOR DECLARATORY**
                                                **RELIEF; CONTRIBUTION;**
14          v.                                  **REIMBURSEMENT**

15  APPIAN CONSTRUCTION CO., INC., a California
    Corporation; 1221 MONTICELLO, L.P., a
16  California Limited Partnership; and DOES 1
    through 50, inclusive,
17
                        Defendants.
18

19

20        Plaintiff, NIC INSURANCE COMPANY, hereby states and alleges as follows:

21                    **GENERAL ALLEGATIONS**

22        1.      Plaintiff, NIC INSURANCE COMPANY ("Plaintiff" and/or "NIC"), at all times

23  mentioned herein and material hereto was, and is, a corporation incorporated under the laws of the

24  State of New York. Plaintiff's principal place of business is located in New York, within the State

25  of New York.

26        2.      Plaintiff is informed and believes and, based thereon, alleges that defendant,

27  APPIAN CONSTRUCTION CO., INC. ("APPIAN"), is a corporation, duly organized and

28
                                    1.

1   incorporated under the laws of the State of California whose principle place of business is located in

2   Concord, California.

3           3.      Plaintiff is informed and believes and, based thereon, alleges that defendant, 1221

4   MONTICELLO, L.P. ("1221 MONTICELLO"), is a limited partnership, organized and existing

5   under the laws of the State of California whose principal place of business is located in California.

6           4.      The true names and capacities, whether individual, corporate, associate or otherwise

7   of Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and,

8   therefore, Plaintiff sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend

9   this Complaint to allege said Defendants' true names and capacities when the same have been

10  ascertained.

11          5.      Plaintiff is informed and believes and, based thereon, alleges that Defendants, and

12  each of them, is in some manner legally responsible to Plaintiff for the acts, omissions and damages

13  set forth in this Complaint.

14          6.      Plaintiff is informed and believes and, based thereon, alleges that at all times

15  mentioned herein and material hereto, Defendants, and each of them, were the agents, servants,

16  employees, or partners of all other Defendants, and were acting within the course and scope of their

17  agency and employment.

18          7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332

19  because there is complete diversity of citizenship between Plaintiff and Defendants and the amount

20  in controversy exceeds $75,000.00, exclusive of interest and costs.

21          8.      NIC issued commercial general liability insurance policies to APPIAN and 1221

22  MONTICELLO for consecutive policy periods beginning on July 27, 2002 through July 27, 2005

23  (the "NIC Policies") identified as follows:

24                  (a)     Policy No. GS204295, for period 7/27/02 – 7/27/03;

25                  (b)     Renewed under Policy No. GS307577, for period 7/27/03 – 7/27/04; and

26                  (c)     Renewed under Policy No. GS411078, for period 7/27/04 – 7/27/05.

27  / / /

28
                                                    2.

COMPLAINT FOR DECLARATORY RELIEF;
CONTRIBUTION; REIMBURSEMENT

9.   Plaintiff is informed and believes and, based thereon, alleges that APPIAN acted as the general contractor with respect to construction of a residence located at 3918 Los Arabis Drive, Lafayette, California (the "Property").

10.   Plaintiff is informed and believes and, based thereon, alleges that 1221 MONTICELLO acted as a developer of real property with respect to the Property.

11.   Plaintiff is informed and believes and, based thereon, alleges that, on or about February 11, 2002, 1221 MONTICELLO entered into an agreement with Geoffrey and Kathy Manley (the "Manleys") by which the Manleys agreed to purchase the Property.

12.   Plaintiff is informed and believes and, based thereon, alleges that, on or about February 28, 2005, the Manleys initiated a lawsuit against APPIAN, 1221 MONTICELLO, and others, in the Superior Court of the County of Contra Costa (the "Underlying Action").  The Underlying Action alleged causes of action against APPIAN and 1221 MONTICELLO for Negligence, Strict Liability, Breach of Contract and Rescission in connection with the Property and includes substantial allegations of defects in construction of the Property.

13.   Plaintiff is informed and believes and, based thereon, alleges that, on or about October 2, 2007, the Manleys filed their Third Amended Complaint for Damages in the Underlying Action.  Without admitting the truth of any of the matters asserted or alleged, the truth of which is expressly denied by Plaintiff, the Third Amended Complaint for Damages expressly alleges, at Para. 14, that the defendants, including APPIAN and 1221 MONTICELLO:

> . . .breached their duty of care to plaintiffs and failed to exercise reasonable care in that they failed to properly supervise, inspect, investigate, prepare, and construct the subject residence at the property in that the house suffers from numerous defects, the most prominent of which includes the failure of part of [sic] all of the foundation systems causing the walls and floors to shift and move, the walls and floors and improvements attached thereto to break, crack and/or crumble, windows and doors not to operate properly, floors and walls to be out of level and

3.

1    plumb, retaining walls and concrete flatwork to move, and other work, all

2    due to defendants', and each of their, failure to ensure that the Subject

3    Property was adequately developed, failure to ensure that the soil was

4    adequately graded and compacted, failure to provide adequate pier support

5    and foundation, failure to comply with applicable building codes and with

6    the plans and specifications, failure to complete their work in a

7    workmanlike manner according to the standard of care, as the case may

8    be.  Other defects exist in the property which plaintiffs have yet to

9    discover.

10    14.    Plaintiff is informed and believes and, based thereon, alleges that the Third Amended

11    Complaint for Damages filed on behalf of the Manleys is, as of the date of filing of the instant

12    Complaint, the current and operative pleading in the Underlying Action.

13    15.    APPIAN and 1221 MONTICELLO tendered a claim to NIC for defense and

14    indemnity in connection with the Underlying Action.

15    16.    NIC accepted the tenders of APPIAN and 1221 MONTICELLO and assumed the

16    defense of those entities subject to a reservation of rights.  NIC has, as of the date of the filing of the

17    instant complaint, paid substantial sums incurred in the defense of APPIAN and 1221

18    MONTICELLO, subject to a full reservation of rights, and continues to incur and pay such expenses

19    as the litigation of the Underlying Action proceeds.

20    17.    Without admitting the truth of any of the matters asserted or alleged, the truth of

21    which is expressly denied by Plaintiff, Plaintiff is informed and believes and, based thereon, alleges

22    that the Manleys have alleged the existence of monetary damages as the result of property damage,

23    and have alleged that APPIAN and 1221 MONTICELLO are legally liable for such damages, in

24    excess of the sum of $75,000.00.

25    18.    Without admitting the truth of any of the matters asserted or alleged, the truth of

26    which is expressly denied by Plaintiff, Plaintiff is informed and believes and, based thereon, alleges

27    that APPIAN and 1221 MONTICELLO contend that one, or more, of the NIC Policies provides

28

4.

COMPLAINT FOR DECLARATORY RELIEF;
CONTRIBUTION; REIMBURSEMENT

1  insurance coverage for the damages alleged against those parties by the Manleys in connection with

2  the Underlying Action and that the sum of such alleged damages is alleged to be in excess of

3  $75,000.00.

4      19.    Without admitting the truth of any of the matters asserted or alleged, the truth of

5  which is expressly denied by Plaintiff, Plaintiff is informed and believes and, based thereon, alleges

6  that, based on the foregoing allegations of property damage prosecuted in the Underlying Action,

7  the potential claim on behalf of APPIAN and/or 1221 MONTICELLO for indemnity against the

8  claims asserted by the Manleys in the Underlying Action is alleged to exceed $75,000.00, thereby

9  satisfying the amount in controversy component of the jurisdiction of this Court.

10  <b>FIRST CAUSE OF ACTION</b>

11  (Declaratory Relief re: Duty to Indemnify

12  by Plaintiff against APPIAN, 1221 MONTICELLO and DOES 1 through 25)

13      20.    Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint as

14  though fully set forth herein.

15      21.    Plaintiff alleges that an actual and present controversy has arisen by and between

16  Plaintiff, on the one hand, and APPIAN, 1221 MONTICELLO and DOES 1 through 25, on the

17  other hand, with respect to each of the following matters:

18      (a)    Plaintiff asserts and contends that the NIC Policies contain an endorsement

19  titled "Subsidence Exclusion" (the "Subsidence Exclusion") which provides as follows:

20      This endorsement modifies insurance provided under the
21  following.

22  COMMERCIAL GENERAL LIABILITY COVERAGE PART

23  This insurance does not apply to and the Company shall have no
24  duty to defend any claim or "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury"
25  arising from or related to "subsidence"

26  "Subsidence" includes, but is not limited to, settling, expansion, sinking, slipping, falling away, caving in, shifting, eroding, rising,
27  tilting, mud flow, or any other movement of land or earth including earthquake and landslide.

28

5.

1        (b)    Plaintiff is informed and believes and, based thereon, alleges that some or all

2    of the defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to

3    work performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in

4    the Underlying Action are excluded from coverage under the NIC Policies by operation of the

5    Subsidence Exclusion cited above.

6        (c)    In contrast to the above position, Plaintiff is informed and believes and, based

7    thereon, alleges that APPIAN, 1221 MONTICELLO and DOES 1 through 25 contend that the

8    defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to work

9    performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in the

10   Underlying Action are covered under the NIC Policies and not subject to the above-cited exclusion.

11       (d)    Based on the specific allegations asserted in the Underlying Action, Plaintiff

12   is informed and believes and, based thereon, alleges that Plaintiff does not now, and never has,

13   owed a duty to indemnify APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in connection

14   with any claims arising out of, or relating to, the Project and/or the Underlying Action.

15       22.    Plaintiff, further, alleges that the following actual and present controversy has arisen

16   between Plaintiff, on the one hand, and APPIAN, 1221 MONTICELLO and DOES 1 through 25, on

17   the other hand because:

18       (a)    Plaintiff asserts and contends that the NIC Policies contain an "Independent

19   Contractors" endorsement (the "Independent Contractors Endorsement") which provides as follows:

20       The insured hereby represents and warrants that

21       1.    Commercial general liability insurance for "bodily injury"

22   and "property damage" will be required for all contractors
     and sub-contractors performing work or operations on

23   behalf of any insured, and the insured shall obtain
     certificates of insurance from all contractors and sub-

24   contractors performing work or operations on behalf of any
     insured.  Such insurance will be in effect during the

25   duration of the time work is being performed on behalf of
     any insured, and that

26       2.    The insured will be named as an "additional insured" on the
     required coverages described in Item 1 above and that

27

28

6.

3.    The minimum limits and coverages thus required of all contractors and sub-contractors performing work or operations on behalf of any insured shall be

| REQUIRED LIMIT | COMMERCIAL GENERAL LIABILITY FORM |
|---|---|
| $1,000,000 | General Aggregate |
| $1,000,000 | Products/Completed Operations Aggregate |
| $1,000,000 | Each Occurrence; |

4.    Any coverage that might otherwise exist under this policy for claims against any insured based on work done for or on behalf of any insured by a contractor or subcontractor is expressly excess over, and will not contribute with, the insurance required under this endorsement. No duty to defend or indemnify any insured under this policy for any claims that are or should be covered under the policies required of contractors and subcontractors under this endorsement will exist absent exhaustion of all such contactors' and subcontractors' policies

The insured understands that this insurance policy has been issued upon these representations and warranties.

(b)    Plaintiff is informed and believes and, based thereon, alleges that some or all of the defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to work performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in the Underlying Action are, or should be, covered under the policies required of contractors and subcontractors under the above Independent Contractors Endorsement. Further, Plaintiff is informed and believes and, based thereon, alleges that APPIAN, 1221 MONTICELLO and DOES 1 through 25 failed to comply with the terms of the Independent Contractors Endorsement and, as a result, failed to obtain and ensure that coverage was provided as required therein. Plaintiff contends that no duty to indemnify APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 exists under the NIC Policies to the extent of any claims that are, or should be, covered under the policies required of contractors and subcontractors under the Independent Contractors Endorsement absent exhaustion of all such contractors' and subcontractors' policies.

(c)    In contrast to the above position, Plaintiff is informed and believes and, based thereon, alleges that APPIAN, 1221 MONTICELLO and DOES 1 through 25 contend that the

7.

COMPLAINT FOR DECLARATORY RELIEF;
CONTRIBUTION; REIMBURSEMENT

1   defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to work

2   performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in the

3   Underlying Action are covered under the NIC Policies and not subject to the above-cited exclusion.

4        23.    Plaintiff, further, alleges that the following actual and present controversy has arisen

5   between Plaintiff, on the one hand, and APPIAN, 1221 MONTICELLO and DOES 1 through 25, on

6   the other hand because:

7        (a)    Plaintiff asserts and contends that the NIC Policies contain an endorsement

8   titled "Exclusion – Engineers, Architects or Surveyors Professional Liability" (the "Professional

9   Liability Exclusion") which provides as follows:

10          This endorsement modifies insurance provided under the following

11          COMMERCIAL GENERAL LIABILITY COVERAGE
            PART

12

13          This insurance does not apply to "bodily injury," "property
            damage," "personal injury" or "advertising injury" arising out of
            the rendering or failure to render an professional services by or for
14          you, including

15          1.    The preparing, approving, or failing to prepare or approve
                  maps, drawings, opinions, reports, surveys, change orders,
16                designs or specifications, and

17          2.    Supervisory, inspection or engineering services

18

19        (b)    Plaintiff is informed and believes and, based thereon, alleges that some or all

20   of the defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to

21   work performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in

22   the Underlying Action consisted of "professional services" subject to the Professional Services

23   Exclusion and is excluded from coverage under the NIC Policies and Plaintiff has no duty to

24   indemnify with respect to such claims.

25        (c)    In contrast to the above position, Plaintiff is informed and believes and, based

26   thereon, alleges that APPIAN, 1221 MONTICELLO and DOES 1 through 25 contend that the

27   defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to work

28

8.

1    performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in the

2    Underlying Action are covered under the NIC Policies and not subject to the above-cited exclusion.

3        24.    Plaintiff alleges and contends that a declaratory judgment is appropriate and

4    necessary at this time in order for the Court to determine the respective rights and liabilities of the

5    parties regarding any indemnity obligation that may exist as between Plaintiff, on the one hand, and

6    APPIAN, 1221 MONTICELLO and/or DOES 1 through 25, on the other hand, with respect to the

7    claims alleged in the Underlying Action.

8        25.    Plaintiff has no plain, speedy, or adequate remedy at law.

9                        **SECOND CAUSE OF ACTION**

10                    (Declaratory Relief re: Duty to Defend

11            by Plaintiff against APPIAN, 1221 MONTICELLO and DOES 1 through 25)

12        26.    Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as

13    though fully set forth herein.

14        27.    Plaintiff alleges that an actual and present controversy has arisen by and between

15    Plaintiff, on the one hand, and APPIAN, 1221 MONTICELLO and DOES 1 through 25, on the

16    other hand, with respect to each of the following matters:

17            (a)    Plaintiff asserts and contends that the Subsidence Exclusion in the NIC

18    Policies provides as follows:

19                This endorsement modifies insurance provided under the
                    following.
20
21                    COMMERCIAL GENERAL LIABILITY COVERAGE
                        PART
22                This insurance does not apply to and the Company shall have no
                    duty to defend any claim or "suit" seeking damages for "bodily
23                injury", "property damage", or "personal and advertising injury"
                    arising from or related to "subsidence"
24
25                "Subsidence" includes, but is not limited to, settling, expansion,
                    sinking, slipping, falling away, caving in, shifting, eroding, rising,
26                tilting, mud flow, or any other movement of land or earth including
                    earthquake and landslide.
27

28

9.

1        (b)     Plaintiff is informed and believes and, based thereon, alleges that some or all

2 of the defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to

3 work performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in

4 the Underlying Action are excluded from coverage under the NIC Policies by operation of the

5 "Subsidence Exclusion" as cited above.

6        (c)     In contrast to the above position, Plaintiff is informed and believes and, based

7 thereon, alleges that APPIAN, 1221 MONTICELLO and DOES 1 through 25 contend that the

8 defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to work

9 performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in the

10 Underlying Action are covered under the NIC Policies and not subject to the above-cited exclusion.

11        (d)     Based on the specific allegations asserted in the Underlying Action, Plaintiff

12 is informed and believes and, based thereon, alleges that Plaintiff does not now, and never has,

13 owed a duty to defend APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in connection

14 with any claims arising out of, or relating to, the Project and/or the Underlying Action.

15      28.    Plaintiff, further, alleges that the following actual and present controversy has arisen

16 between Plaintiff, on the one hand, and APPIAN, 1221 MONTICELLO and DOES 1 through 25, on

17 the other hand because:

18        (a)     Plaintiff asserts and contends that the NIC Policies contain the Independent

19 Contractors Endorsement which provides as follows:

20                The insured hereby represents and warrants that

21             1.     Commercial general liability insurance for "bodily injury"

22                   and "property damage" will be required for all contractors
and sub-contractors performing work or operations on

23                   behalf of any insured, and the insured shall obtain
certificates of insurance from all contractors and sub-

24                   contractors performing work or operations on behalf of any
insured. Such insurance will be in effect during the

25                   duration of the time work is being performed on behalf of
any insured, and that

26             2.     The insured will be named as an "additional insured" on the

27                   required coverages described in Item 1 above and that

28

COMPLAINT FOR DECLARATORY RELIEF;
CONTRIBUTION; REIMBURSEMENT

3. The minimum limits and coverages thus required of all contractors and sub-contractors performing work or operations on behalf of any insured shall be

| REQUIRED LIMIT | COMMERCIAL GENERAL LIABILITY FORM |
|---|---|
| $1,000,000 | General Aggregate |
| $1,000,000 | Products/Completed Operations Aggregate |
| $1,000,000 | Each Occurrence; |

4. Any coverage that might otherwise exist under this policy for claims against any insured based on work done for or on behalf of any insured by a contractor or subcontractor is expressly excess over, and will not contribute with, the insurance required under this endorsement. No duty to defend or indemnify any insured under this policy for any claims that are or should be covered under the policies required of contractors and subcontractors under this endorsement will exist absent exhaustion of all such contactors' and subcontractors' policies

The insured understands that this insurance policy has been issued upon these representations and warranties.

(b) Plaintiff is informed and believes and, based thereon, alleges that some or all of the defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to work performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in the Underlying Action are, or should be, covered under the policies required of contractors and subcontractors under the above Independent Contractors Endorsement. Further, Plaintiff is informed and believes and, based thereon, alleges that APPIAN, 1221 MONTICELLO and DOES 1 through 25 failed to comply with the terms of the Independent Contractors Endorsement and, as a result, failed to obtain and ensure that coverage was provided as required therein. Plaintiff contends that no duty to defend APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 exists under the NIC Policies to the extent of any claims that are, or should be, covered under the policies required of contractors and subcontractors under the Independent Contractors Endorsement absent exhaustion of all such contractors' and subcontractors' policies.

(c) In contrast to the above position, Plaintiff is informed and believes and, based thereon, alleges that APPIAN, 1221 MONTICELLO and DOES 1 through 25 contend that the

11.

1    defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to work

2    performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in the

3    Underlying Action are covered under the NIC Policies and not subject to the above-cited exclusion.

4        29.    Plaintiff, further, alleges that the following actual and present controversy has arisen

5    between Plaintiff, on the one hand, and APPIAN, 1221 MONTICELLO and DOES 1 through 25, on

6    the other hand because:

7        (a)    Plaintiff asserts and contends that the NIC Policies contain the Professional

8    Liability Exclusion which provides as follows:

9            This endorsement modifies insurance provided under the following

10                COMMERCIAL GENERAL LIABILITY COVERAGE
               PART

11

12            This insurance does not apply to "bodily injury," "property
               damage," "personal injury" or "advertising injury" arising out of
13            the rendering or failure to render an professional services by or for
               you, including

14            1.    The preparing, approving, or failing to prepare or approve
                     maps, drawings, opinions, reports, surveys, change orders,
15                   designs or specifications, and

16            2.    Supervisory, inspection or engineering services

17        (b)    Plaintiff is informed and believes and, based thereon, alleges that some or all

18    of the defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to

19    work performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in

20    the Underlying Action consisted of "professional services" subject to the Professional Services

21    Exclusion and is excluded from coverage under the NIC Policies and Plaintiff has no duty to defend

22    with respect to such claims.

23        (c)    In contrast to the above position, Plaintiff is informed and believes and, based

24    thereon, alleges that APPIAN, 1221 MONTICELLO and DOES 1 through 25 contend that the

25    defects in, and damage to, the Property alleged by the Manleys to have arisen with respect to work

26    performed by or on behalf of APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 in the

27    Underlying Action are covered under the NIC Policies and not subject to the above-cited exclusion.

28

12.

1  30.    Plaintiff alleges and contends that a declaratory judgment is appropriate and

2  necessary at this time in order for the Court to determine the respective rights and liabilities of the

3  parties regarding any defense obligation that may exist as between Plaintiff, on the one hand, and

4  APPIAN, 1221 MONTICELLO and/or DOES 1 through 25, on the other hand, with respect to the

5  claims alleged in the Underlying Action.

6  31.    Plaintiff has no plain, speedy, or adequate remedy at law.

7  **THIRD CAUSE OF ACTION**

8  (For Equitable Contribution and Reimbursement

9  by Plaintiff against APPIAN, 1221 MONTICELLO and DOES 1 through 50)

10  32.    Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as

11  though fully set forth herein.

12  33.    Plaintiff asserts and contends that it has incurred substantial costs in defending and

13  indemnifying APPIAN, 1221 MONTICELLO and DOES 1 through 50 in connection with the

14  Underlying Action.  Such costs have been incurred in order to mitigate these parties' potential

15  liability for the claims and alleged damages asserted in the Underlying Action, and were paid by

16  Plaintiff, at all times, under a complete and express reservation of all applicable rights, including the

17  right to reimbursement and the right to withdraw from the defense.

18  34.    Plaintiff is informed and believes and, based thereon, alleges that, to date, APPIAN,

19  1221 MONTICELLO and DOES 1 through 50 have failed and refused to pay or secure payment of

20  their requisite portion of such defense and indemnity costs.

21  35.    Plaintiff seeks this Court's determination of the existence of a duty, on the part of

22  APPIAN, 1221 MONTICELLO and DOES 1 through 50, and each of them, to contribute to those

23  sums paid by Plaintiff and/or to reimburse Plaintiff for expenses paid that represent each

24  defendants' share of the costs expended to defend and indemnify APPIAN, 1221 MONTICELLO

25  and DOES 1 through 50 in connection with the Underlying Action.  Plaintiff seeks this Court's

26  adjudication of the respective obligation(s) of APPIAN, 1221 MONTICELLO and DOES 1 through

27  50 to reimburse Plaintiff for all of, or in the alternative, for each such defendant's proper and

28

13.

proportionate share of, such defense costs, as well as for the amounts paid by Plaintiff that represent the costs expended to indemnify and defend APPIAN, 1221 MONTICELLO and DOES 1 through 50 in the Underlying Action.

36.    By reason of the failure of APPIAN, 1221 MONTICELLO and DOES 1 through 50 to pay, or contribute any payment, to defend and indemnify APPIAN, 1221 MONTICELLO and DOES 1 through 50 and/or to secure such a proper defense and indemnity in connection with the Underlying Action, APPIAN, 1221 MONTICELLO and DOES 1 through 50 have damaged Plaintiff and are liable to Plaintiff for a proper and proportionate share of such expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### On the First Cause of Action

1.    For a declaration that any defects in and/or damage to work performed by APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 are excluded from coverage under the NIC Policies and Plaintiff does not now, nor ever has, owed a duty to indemnify APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 due to the Subsidence Exclusion.

2.    For a declaration that Plaintiff does not now, nor ever has, owed a duty to indemnify APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 due to the failure of APPIAN, 1221 MONTICELLO and DOES 1 through 25 to comply with the express terms and conditions set forth in the Independent Contractors Endorsement.

3.    For a declaration that coverage, if any, for APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 provided by Plaintiff is excess to any primary coverage under any policy issued to APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 under the Independent Contractors Endorsement.

14.

4.   For a declaration that any defects in and/or damage to work performed by APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 are excluded from coverage under the NIC Policies and Plaintiff does not now, nor ever has, owed a duty to indemnify APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 due to the Professional Services Exclusion.

5.   For such other and further relief as the Court deems just and proper.

### On the Second Cause of Action

6.   For a declaration that any defects in and/or damage to work performed by APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 are excluded from coverage under the NIC Policies and Plaintiff does not now, nor ever has, owed a duty to defend APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 due to the Subsidence Exclusion.

7.   For a declaration that Plaintiff does not now, nor ever has, owed a duty to defend APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 due to the failure of APPIAN, 1221 MONTICELLO and DOES 1 through 25 to comply with the express terms and conditions set forth in the Independent Contractors Endorsement.

8.   For a declaration that coverage, if any, for APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 provided by Plaintiff is excess to any primary coverage under any policy issued to APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 under the Independent Contractors Endorsement.

9.   For a declaration that any defects in and/or damage to work performed by APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 are excluded from coverage under the NIC Policies and Plaintiff does not now, nor ever has, owed a duty to defend APPIAN, 1221 MONTICELLO and/or DOES 1 through 25 due to the Professional Services Exclusion.

10.  For such other and further relief as the Court deems just and proper.

15.

1

**On the Third Cause of Action**

2      11.     For reimbursement for sums expended on behalf of APPIAN, 1221

3 MONTICELLO and DOES 1 through 50 in defense and indemnification in the

4 Underlying Action or, in the alternative, for an appropriate portion thereof; and for

5 contribution by APPIAN, 1221 MONTICELLO and DOES 1 through 50 to future

6 defense and indemnity expenses incurred in the Underlying Action.

7      12.     For such other and further relief as the Court deems just and proper.

8

9 Dated: November 26, 2007                          WOLKIN • CURRAN, LLP

10                                           By: _____

11                                                       Brandt L. Wolkin

12                                           Attorneys for Plaintiff,
                                             NIC INSURANCE COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    16.