| | |
|---|---|
| 1 | Edward A Galloway, Bar No. 128962 |
| | egalloway@jdtplaw.com |
| 2 | Bradley R. Mathews, Bar No. 202055 |
| | bmathews@jdtplaw.com |
| 3 | JACKSON, DeMARCO, TIDUS, PETERSEN |
| | & PECKENPAUGH |
| 4 | A Law Corporation |
| | 2030 Main Street, Suite 1200 |
| 5 | Irvine, California 92614 |
| | Telephone: (949) 752-8585 |
| 6 | Fax: (949) 752-0597 |
| 7 | Attorneys for Defendants |
| | APPIAN CONSTRUCTION CO., INC. and |
| 8 | 1221 MONTICELLO, L.P. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIC INSURANCE COMPANY, a New York corporation | CASE NO. C-07-05988 EMC |
| Plaintiff, | **ANSWER OF DEFENDANTS APPIAN CONSTRUCTION CO., INC. AND 1221 MONTICELLO, L.P. TO COMPLAINT** |
| vs. | |
| APPIAN CONSTRUCTION CO., INC., a California corporation; 1221 MONTICELLO, L.P., a California Limited Partnership; and DOES 1 through 50, inclusive | |
| Defendant. | |

Defendants Appian Construction Co., Inc. (**"Appian"**) and 1221 Monticello, L.P. (**"Monticello"**), who are sometimes collectively referred to herein as '**Defendants**,**"** hereby respond to the Complaint (**"Complaint"**) filed by Plaintiff NIC Insurance Company (**"NIC"**) as follows:

1. Answering paragraph 1 of the Complaint, Defendants lack sufficient information or belief to admit or deny the allegations, and based thereon, deny those allegations.

2. Answering paragraph 2 of the Complaint, Defendants admit that Appian is a California corporation with its principal place of business in Concord, California. Defendants lack sufficient information or belief to admit or deny the remaining allegations in paragraph 2, and based thereon, deny those allegations.

3. Answering paragraph 3 of the Complaint, Defendants admit that Monticello admits that it is a California limited partnership with its principal place of business in California. Defendants lack sufficient information or belief to admit or deny the remaining allegations in paragraph 3, and based thereon, deny those allegations.

4. Defendants lack sufficient information to form a belief about the truth of the allegations in paragraph 4, and on that basis, deny those allegations.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, Defendants admit that Appian is a partner in Monticello. Defendants lack sufficient information to form a belief about the truth of the remaining allegations in paragraph 6, and on that basis, deny those allegations.

7. Defendants lack sufficient information to form a belief as to the citizenship of Plaintiff, or as to the exact amount being sought by Plaintiff in this case, and based thereon, deny the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8, except as to what meaning Plaintiff ascribes to the term "renewed," of which Defendants lack sufficient information to form a belief.

9. Defendants admit that Appian acted as a general contractor with respect to the construction of a residence at 3918 Los Arabis Dr., Lafayette, CA (hereinafter the **"Property"**). Except as admitted here, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 9, and based thereon, deny those allegations.

10. Defendants admit that Monticello sold the Property to the Manleys. Defendants lack sufficient information as to what Plaintiff means by the word "developer," and based thereon, deny the remaining allegations in paragraph 10.

11. Defendants admit that the Manleys made an offer to purchase the property from Monticello on or about February 11, 2002, and that Monticello entered into an agreement with the

-2-    769209.1

DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. C-07-05988 EMC

1  Manleys shortly after February 11, 2002, to sell the Property to the Manleys. Defendants lack
2  sufficient information to form a belief as the remaining allegations in paragraph 11, and based
3  thereon, deny those allegations.

4      12.    Defendants admit that the Manleys filed a suit on or about February 28, 2005, in which Appian was a named Defendant and in which the Manleys asserted or attempted to assert causes of action for negligence, strict liability, breach of contract and rescission, and alleged various defects in the construction of the Property. Defendants lack sufficient information to form a belief as the remaining allegations in paragraph 12, and based thereon, deny those allegations.

9      13.    Defendants admit that the Manleys filed a Third Amended Complaint against Defendants on or about October 2, 2007, and that paragraph 14 of the Manleys' Third Amended Complaint contains the allegations recited in paragraph 13 of Plaintiff's Complaint in the instant case. Except as specifically admitted herein, Defendants lacks sufficient information to form a belief as to the remaining allegations, and based thereon, deny the allegations in paragraph 13.

14      14.    Defendants lack sufficient information to form a belief as to the allegations in paragraph 14, and based thereon, deny those allegations.

16      15.    Defendants admit the allegations in paragraph 15.

17      16.    Defendants admit that Plaintiff has agreed to defend Defendants in the underlying lawsuit, and that Plaintiff has asserted certain grounds may exist to deny coverage to Defendants in the underlying lawsuit. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as the remaining allegations in paragraph 16, and based thereon, deny those allegations.

22      17.    Defendants admit the allegations in paragraph 17.

23      18.    Defendants admit the allegations in paragraph 18.

24      19.    Defendants admit the allegations in paragraph 19.

25      20.    Answering paragraph 20 of the Complaint, Defendants incorporate their responses above to paragraphs 1 through 19, above.

27      21.

1  A. Answering paragraph 21(a) of Plaintiff's Complaint, Defendants are informed and believe that policy number GS204295 (7-27-02 to 7-27-03) and policy number GS307577 (7-27-03 to 7-27-04) contain an endorsement entitled "Subsidence Exclusion" which Plaintiff has accurately quoted. Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 21(a), and based thereon, deny those allegations.

B. Answering paragraph 21(b) of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants therefore lack sufficient information to form a belief as to whether all of the defects in and damage to the Property alleged by the Manleys are excluded from coverage under the NIC policies by operation of the "Subsidence Exclusion" cited in Plaintiff's Complaint. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 21(b), and based thereon, deny those allegations.

C. Answering paragraph 21(c) of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants therefore lack sufficient information to form a belief as to whether all of the defects in and damage to the Property alleged by the Manleys are excluded from coverage under the NIC policies by operation of the "Subsidence Exclusion" cited in Plaintiff's Complaint. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 21(c), and based thereon, deny those allegations.

D. Answering paragraph 21(d) of Plaintiff's Complaint, Plaintiffs admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed.

Defendants therefore lack sufficient information to form a belief as to whether all of the defects in and damage to the Property alleged by the Manleys are excluded from coverage under the NIC policies by operation of the "Subsidence Exclusion" cited in Plaintiff's Complaint. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 21(d), and based thereon, deny those allegations.

22.

A. Answering paragraph 22(a) of Plaintiff's Complaint, Defendants are informed and believe that policy number GS204295 (7-27-02 to 7-27-03) and policy number GS307577 (7-27-03 to 7-27-04) contain an endorsement entitled "INDEPENDENT CONTRACTORS." Defendants further are informed and believe that Plaintiff has erroneously quoted those policies' endorsements due to punctuation errors. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 22(a), and based thereon, deny those allegations.

B. Answering paragraph 22(b) of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants further admit that they are informed and believe that the "Independent Contactors" endorsement provides that contractors and sub-contractors "will be" required (i.e., prospectively) to obtain certain insurance coverage, but however, the NIC policies were all issued after the notice of completion for the property was already recorded. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 22(b), and based thereon, deny those allegations.

C. Answering paragraph 22(c) of the Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damage allegations in the Manleys' lawsuit are not yet fixed. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or

policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Defendants contend that the "INDEPENDENT CONTRACTORS" exclusion does not apply to the Manley Property. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 22(c), and based thereon, deny those allegations.

23.

A. As to the allegations in paragraph 23(a), Defendants admit that they are informed and believe that Plaintiff's policy number GS204295 (7-27-02 to 7-27-03) and policy number GS307577 (7-27-03 to 7-27-04) contain an endorsement entitled "EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY" and that Plaintiff has accurately quoted that provision in paragraph 23(a). Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 23(a), and based thereon, deny those allegations.

B. Answering paragraph 23(b) of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 23(b), and based thereon, deny those allegations.

C. Answering paragraph 23(c) of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 23(c), and based thereon, deny those allegations.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final

defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Based thereon, Defendants deny that it is appropriate at this time for the Court to determine what the rights and liabilities of the parties are regarding indemnity obligations under Plaintiff's policies. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 24, and based thereon, deny those allegations.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Based thereon, Defendants deny that it is appropriate at this time for the Court to determine what the rights and liabilities of the parties are regarding indemnity obligations under Plaintiff's policies. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 25, and based thereon, deny those allegations.

26. Answering paragraph 26, Defendants incorporate their responses above to paragraphs 1 through 26.

27.

   A. Answering paragraph 27(a) of Plaintiff's Complaint, Defendants admit that they are informed and believe that Plaintiff's policy number GS204295 (7-27-02 to 7-27-03) and policy number GS307577 (7-27-03 to 7-27-04) contain a "Subsidence Exclusion" and that Plaintiff has accurately quote that provision in paragraph 27(a). Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 27(a), and based thereon, deny those allegations.

   B. Answering paragraph 27(b) of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed.

1  Defendants therefore lack sufficient information to form a belief as to whether all of the defects
2  in and damage to the Property alleged by the Manleys are excluded from coverage under the NIC
3  policies by operation of the "Subsidence Exclusion" cited in Plaintiff's Complaint.  Defendants
4  are informed and believe, however, that there is a potential for coverage under Plaintiff's policy
5  or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys.
6  Except as specifically admitted herein, Defendants lack sufficient information to form a belief as
7  to the remaining allegations in paragraph 27(b), and based thereon, deny those allegations.

8        C.      Answering paragraph 27(c) of Plaintiff's Complaint, Defendants admit that
9  discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet
10 complete.  Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed.
11 Defendants therefore lack sufficient information to form a belief as to whether all of the defects in
12 and damage to the Property alleged by the Manleys are excluded from coverage under the NIC
13 policies by operation of the "Subsidence Exclusion" cited in Plaintiff's Complaint.  Defendants
14 are informed and believe, however, that there is a potential for coverage under Plaintiff's policy
15 or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys.
16 Except as specifically admitted herein, Defendants lack sufficient information to form a belief as
17 to the remaining allegations in paragraph 27(c), and based thereon, deny those allegations.

18       D.      Answering paragraph 27(d) of Plaintiff's Complaint, Defendants admit that
19 discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet
20 complete.  Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed.
21 Defendants therefore lack sufficient information to form a belief as to whether all of the defects
22 in and damage to the Property alleged by the Manleys are excluded from coverage under the NIC
23 policies by operation of the "Subsidence Exclusion" cited in Plaintiff's Complaint.  Defendants
24 are informed and believe, however, that there is a potential for coverage under Plaintiff's policy
25 or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys.
26 Except as specifically admitted herein, Defendants lack sufficient information to form a belief as
27 to the remaining allegations in paragraph 27(d), and based thereon, deny those allegations.
28       28.

1   A.   Answering paragraph 28(a) of Plaintiff's Complaint, Defendants are informed and believe that policy number GS204295 (7-27-02 to 7-27-03) and policy number GS307577 (7-27-03 to 7-27-04) contain an endorsement entitled "INDEPENDENT CONTRACTORS." Defendants further are informed and believe that Plaintiff has erroneously quoted those policies' endorsements due to punctuation errors. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 28(a), and based thereon, deny those allegations.

B.   Answering paragraph 28(b) of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants further admit that they are informed and believe that the "Independent Contactors" endorsement provides that contractors and sub-contractors "will be" required (i.e., prospectively) to obtain certain insurance coverage, but however, the NIC policies were all issued after the notice of completion for the property was already recorded. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 28(b), and based thereon, deny those allegations.

C.   Answering paragraph 28(c) of the Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Defendants admit that they contend that the "INDEPENDENT CONTRACTORS" exclusion does not apply to the Manley property. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 28(c), and based thereon, deny those allegations.

29.

A.   Answering paragraph 29(a), Defendants admit that they are informed and believe that Plaintiff's policy number GS204295 (7-27-02 to 7-27-03) and policy number GS307577 (7-

1  27-03 to 7-27-04) contain an endorsement entitled "EXCLUSION – ENGINEERS,
2  ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY" and that Plaintiff has
3  accurately quoted that provision in paragraph 23(a). Except as specifically admitted herein,
4  Defendants lack sufficient information to form a belief as to the remaining allegations in
5  paragraph 23(a), and based thereon, deny those allegations.

6        B.      Answering paragraph 29(b) of Plaintiff's Complaint, Defendants admit that
7  discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet
8  complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed.
9  Except as specifically admitted herein, Defendants lack sufficient information to form a belief as
10 to the remaining allegations in paragraph 23(b), and based thereon, deny those allegations.

11       C.      Answering paragraph 29(c) of Plaintiff's Complaint, Defendants admit that
12 discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet
13 complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed.
14 Defendants are informed and believe, however, that there is a potential for coverage under
15 Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by
16 the Manleys. Except as specifically admitted herein, Defendants lack sufficient information to
17 form a belief as to the remaining allegations in paragraph 29(c), and based thereon, deny those
18 allegations.

19       30.      Answering paragraph 30 of Plaintiff's Complaint, Defendants admit that discovery
20 by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final
21 defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants are
22 informed and believe, however, that there is a potential for coverage under Plaintiff's policy or
23 policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Based
24 thereon, Defendants contend that Plaintiff has a duty to defend Defendants in the Manleys' lawsuit.
25 Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to
26 the remaining allegations in paragraph 30, and based thereon, deny those allegations.

27       31.      Answering paragraph 31 of Plaintiff's Complaint, Defendants admit that discovery
28 by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final

defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Based thereon, Defendants contend that Plaintiff has a duty to defend Defendants in the Manleys' lawsuit. Except as specifically admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations in paragraph 31, and based thereon, deny those allegations.

32. Answering paragraph 32, Defendants incorporate their responses above to paragraphs 1 through 31.

33. Answering paragraph 33 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to those, and based thereon, deny those allegations.

34. Defendants deny the allegations in paragraph 34.

35. Answering paragraph 35 of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Based thereon, Defendants contend that Plaintiff has a duty to defend Defendants in the Manleys' lawsuit. Defendants further contend that any determination of Plaintiff's duty to indemnify Defendants in the Manley lawsuit would be premature at this time, and based thereon, denies the remaining allegations in paragraph 35.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendants admit that discovery by the parties in the underlying lawsuit by the Manleys is ongoing and not yet complete. Final defect lists and damages allegations in the Manleys' lawsuit are not yet fixed. Defendants are informed and believe, however, that there is a potential for coverage under Plaintiff's policy or policies for at least some of the damage alleged in the underlying lawsuit by the Manleys. Based thereon, Defendants contend that Plaintiff has a duty to defend Defendants in the Manleys' lawsuit. Defendants further contend that any determination of Plaintiff's duty to indemnify Defendants in

the Manley lawsuit would be premature at this time. Except as specifically admitted herein, Defendants deny the allegations in paragraph 36.

### FIRST AFFIRMATIVE DEFENSE
### (ABSTENTION/ STAY)

37.   This case should be stayed pending resolution of the underlying lawsuit brought by the Manleys against Defendants, or dismissed.

### SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

38.   In its Complaint, Plaintiff has failed to allege facts sufficient to state a cause of action against Defendants.

### THIRD AFFIRMATIVE DEFENSE
### (WAIVER)

39.   By its conduct, representations and omissions, Plaintiff has waived any claim for relief it may have had.

### FOURTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

40.   Plaintiff is equitably estopped to assert any claim for relief against Defendants by reason of its conduct, representations and omissions and that judgment be rendered in favor of Defendants.

### PRAYER

Wherefore, Defendants pray that:

1) Plaintiff take nothing by way of its Complaint and that judgment be rendered in favor of Defendants; and

2) That Defendants be awarded their costs incurred in defense of this action; and

3) For such other and further relief to which Defendants may be entitled.

| | | |
|---|---|---|
| 1 | DATED: February 4, 2008 | JACKSON, DeMARCO, TIDUS, PETERSEN & PECKENPAUGH |
| 2 | | |
| 3 | | By: s/Bradley R. Mathews |
| | | Bradley R. Mathews |
| 4 | | Attorneys for Defendants |
| | | APPIAN CONSTRUCTION CO., INC. and |
| 5 | | 1221 MONTICELLO, L.P. |

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues in this case.

DATED: February 4, 2008                    JACKSON, DeMARCO, TIDUS, PETERSEN & PECKENPAUGH

By: s/Bradley R. Mathews
    Bradley R. Mathews
    Attorneys for Defendants
    APPIAN CONSTRUCTION CO., INC. and
    1221 MONTICELLO, L.P.

-13-

769209.1

DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. C-07-05988 EMC

# CERTIFICATE OF SERVICE

I Bradley R. Mathews, declare as follows:

I am employed in the County of Orange, State of California. My business address is 2030 Main Street, 12th Floor, Irvine, California 92614. I am over the 18 years of age and not a party to the above-captioned matter.

On February 4, 2008, I served on the interested parties in said action a full, true, and correct copy of:

**ANSWER OF DEFENDANTS APPIAN CONSTRUCTION CO., INC. AND 1221 MONTICELLO TO COMPLAINT**

On all other parties and/or their attorney(s) of record to this action by faxing, e-mailing and/or placing a true copy thereof in a sealed envelope as follows:

__X__  **BY ELECTRONIC MAIL:** On the date set forth below, I personally caused to be served, in "PDF" format, the document(s) described above, with attachments, to the individuals stated above to their known email addresses as shown above.

__X__  **FEDERAL:** I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 4, 2008, at Irvine, California.

s/Bradley R. Mathews
Bradley R. Mathews

-14-  769209.1

DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. C-07-05988 EMC