1  Brandt L. Wolkin, Esq. SBN 112220
   David F. Myers, Esq., SBN 185102
2  Wolkin · Curran, LLP
   555 Montgomery Street, Suite 1100
3  San Francisco, California 94111
   Telephone:   (415) 982-9390
4  Facsimile:   (415) 982-4328

5  Attorneys for Plaintiff,
   NIC INSURANCE COMPANY
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  NIC INSURANCE COMPANY, a New York Corporation, | Case No.   C 07-05988 CW |
| 12 | |
| 13           Plaintiff, | **DECLARATION OF SERVICE OF CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE** |
| 14    v. | |
| 15  APPIAN CONSTRUCTION CO., INC., a California Corporation; 1221 MONTICELLO, L.P., a California Limited Partnership; TOPA INSURANCE COMPANY; and DOES 1 through 50, inclusive, | |
| 16 | |
| 17 | |
| 18           Defendants. | |

19

20     I, Virginia Simmons, declare as follows:

21  I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled

22  action. I am employed at the WOLKIN · CURRAN, LLP, 555 Montgomery Street, Suite 1100, San

23  Francisco, California 94111.

24  On February 20, 2008, I served the attached document **CASE MANAGEMENT SCHEDULING ORDER**

25  **FOR REASSIGNED CIVIL CASE** on the interested parties in said action, by placing a true copy thereof

26  in (a) sealed envelope(s) or package(s), with delivery fees or postage fully prepaid, addressed as follows:

27                    **SEE ATTACHED SERVICE LIST**

28  and served the named document in the manner(s) indicated below:

---

DECLARATION OF SERVICE          -1-                CASE NO: C 07-05988 CW

☑ **BY MAIL:** I caused the true and correct copy(ies) of the above named document(s), notice, and/or other paper(s) to be to be placed and sealed in an envelope(s) or package(s), with postage fully prepaid, addressed to the person on whom it was to be served, at the office address, as last given by that person on any document filed in the cause and served on the party making service by mail, or otherwise addressed at that party's place of residence, and I caused such envelopes or package(s) to be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the Unites States Postal Service or being readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service whereby correspondence placed for collection on a particular day is deposited with the United States Postal Service on that same day, I caused the above named document(s) notice, and/or paper(s) to be been placed for collection and mailing on the date of this service, following ordinary business practices. I caused the true and correct copy(ies) of the above named document(s), notice, and/or other paper(s) to be served by mail, to bear a notation of the date and place of mailing or to be accompanied by an unsigned copy of the affidavit or certificate of mailing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on February 20, 2008, at San Francisco, California.

_____
Virginia Simmons

---

DECLARATION OF SERVICE                    -2-                    CASE NO: C 07-05988 CW

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NIC INSURANCE COMPANY,

    Plaintiff,

v.

APPIAN CONSTRUCTION CO. INC., et al.,

    Defendants.
_____/

No. C 07-05988 CW

CASE MANAGEMENT
SCHEDULING ORDER FOR
REASSIGNED CIVIL
CASE

    This action having been reassigned to the undersigned judge,

    IT IS HEREBY ORDERED that a Case Management Conference will be held on **March 11, 2008, at 2:00 p.m.** in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612. Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will be due seven (7) days prior to the conference.

    Plaintiff is directed to serve a copy of this Order at once on all parties to this action in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure. Following service, the party causing the service shall file a certificate of service with the Clerk of Court.

    This case has been designated for the Court's Electronic Case

1  Filing (ECF) Program.  Pursuant to General Order 45, each attorney of
2  record is obligated to become an ECF user and be assigned a user ID
3  and password for access to the system.  All documents required to be
4  filed with the Clerk shall be filed electronically on the ECF website,
5  except as provided otherwise in section VII of General Order 45 or
6  authorized otherwise by the court.
7       IT IS SO ORDERED.
8
9  Dated:    February 19, 2008            *Claudia Wilken*
10                                        _____
                                          CLAUDIA WILKEN
11                                        UNITED STATES DISTRICT JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
   (Rev. 10/10/07)
26
27
28

<u>NOTICE</u>

**Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody. **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment: All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (<u>See</u> Civil L.R. 7-2). Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (<u>See</u> Civil Local Rule 56-2(a)). The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion. Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court. Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing. The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing. (<u>See</u> Civil Local Rule 7-3). The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All discovery motions are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

Pursuant to General Order 45,§ VI.G, "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically,** one paper copy of each document that is filed electronically."

(rev. 10/10/07)

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.	Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.	Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.	Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.	Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.	Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.	Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.	Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

| SERVICE LIST | | |
|---|---|---|
| **Defendant** | | |
| **Appian Construction Co. Inc**<br>*a California corporation* | represented by | **Bradley Robert Mathews**<br>Jackson DeMarco Tidus<br>Petersen Peckenpaugh<br>2030 Main Street<br>12th Floor<br>Irvine, CA 92614<br>949-752-8585<br>Fax: 949-752-0597<br>Email: bmathews@jdtplaw.com |
| **Defendant** | | |
| **1221 Monticello LP**<br>*a California Limited Partnership* | represented by | **Bradley Robert Mathews**<br>Jackson DeMarco Tidus<br>Petersen Peckenpaugh<br>2030 Main Street<br>12th Floor<br>Irvine, CA 92614<br>949-752-8585<br>Fax: 949-752-0597<br>Email: bmathews@jdtplaw.com |