Brandt L. Wolkin, Esq. SBN 112220
David F. Myers, Esq., SBN 185102
Wolkin · Curran, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:   (415) 982-9390
Facsimile:   (415) 982-4328

Attorneys for Plaintiff,
NIC INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIC INSURANCE COMPANY, a New York Corporation,<br><br>             Plaintiff,<br><br>             v.<br><br>APPIAN CONSTRUCTION CO., INC., a California Corporation; 1221 MONTICELLO, L.P., a California Limited Partnership and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No.   C 07-05988 CW<br><br>**JOINT REPORT OF COUNSEL PURSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: March 11, 2008<br>Time: 2:00 p.m.<br>Location: |

The following report is jointly submitted by all counsel pursuant to Fed. R. Civ. P. 26(f) and the Scheduling Order issued by the Court.

                    1.      **JURISDICTION AND SERVICE**

Plaintiff NIC INSURANCE COMPANY ("NIC") contends that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. NIC is a New York corporation with its principal place of business located in New York. Defendant, APPIAN CONSTRUCTION CO., INC. ("Appian") is a California corporation with its principal place of

business located in California. Defendant, 1221 MONTICELLO, L.P. ("Monticello"), is a California limited partnership with its principal place of business located in California. Appian and Monticello are sometimes collectively referred to herein as "Defendants." Defendants are unaware of any facts at this time to dispute that diversity jurisdiction exists in this case. All parties have been served.

## 2. FACTS

Appian was the general contractor and Monticello was the developer with respect to construction of a single family residence located in Lafayette, California. NIC issued certain liability insurance policies to Appian and Monticello. In an underlying action pending in the Contra Costa County Superior Court, titled *Manley v. Appian, et al.*, Case No. C-05-00358 (the "Underlying Action"), the purchasers of the above-referenced home in Lafayett, CA have alleged the existence of construction deficiencies causing damage to the residence. While NIC is currently defending Appian and Monticello under the insurance policies NIC issued, NIC believes that developments in the course of the Underlying Action have demonstrated that no coverage exists under those policies, or that what coverage may exist is limited, and initiated this action to obtain a judicial determination regarding the existence and/or scope of coverage.

## 3. LEGAL ISSUES

The principal legal issues raised by NIC in this action are the effect of the (a) Subsidence Exclusion, (b) Independent Contractors Endorsement, and (c) Professional Liability Exclusion which NIC contends are set forth in the NIC policies, as applied to facts of Underlying Action. Each of these issues involves a factual analysis of the claims asserted in the Underlying Action and the interpretation of the contractual language in the policies and, in particular, the exclusions. Relevant legal authority as to the legal issues raised in this proceeding include the following:

Declaratory Relief under insurance policies: 28 USC § 2201; Fed. R. Civ. P. 57; *Liberty Mutual Ins. Co. v. Sweeney* (3rd Cir. 1954) 216 F.2d 209; *City of Tiburon v. Northwestern Pacific Railroad Co.* (1970) 4 Cal.App.3d 160, 170.

California substantive law applies: *Harris v. Polskie Linie Lotnicze* (9th Cir. 1987) 820 F.2d 1000, 1002; *Klaxon Co. v. Stentor Electric Mfg. Co.* (1941) 313 U.S. 487, 496.

/ / /

1     Policy Interpretation / Duty to Defend / Right to Reimbursement: *Buss v. Superior Court* (1997) 16 Cal.4th 35; *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1; *Helfand v. National Union Fire Ins. Co.* (1992) 10 Cal.App.4th 869.

    Interpretation of Exclusions: *Jane D. v. Ordinary Mutual* (1995) 32 Cal.App.4th 643, 651; *Southern Cal. Edison Co. v. Harbor Ins. Co.* (1978) 83 Cal.App.3d 747, 759; *Blackhawk Corp. v. Gotham Ins. Co.* (1997) 54 Cal.App.4th 1090, 1097.

    Standards for Determining Insurer's Duty to Defend: *Montrose Chem. Corp. v. Superior Court* (1993) 6 Cal.4th 287, 295.

    Concurrent Causation: *State Farm Mutual Automobile Ins. Co. v. Partridge* (1973) 10 Cal.3d 94; *Garvey v. State Farm Fire & Cas. Co.* (1989) 48 Cal.3d 395.

### 4. MOTION(S)

At this time, counsel have not yet determined the necessity of any non-dispositive law and motion proceedings. It is anticipated that counsel will submit, by motion or stipulation, a request that the Court stay this litigation pending resolution or adjudication of the Underlying Action as discussed in the preceding section.

If and when the anticipated stay is lifted, Motions for Summary Judgment and/or Summary Adjudication are anticipated by all parties with respect to various coverage issues. Scheduling of such dispositive law and motion proceedings will depend upon the Court's determination relative to a stay of the litigation.

### 5. AMENDMENT OF PLEADINGS

Neither NIC nor Defendants anticipate amending the pleadings, subject to the issues discussed at Section 10 - "Related Cases" below.

### 6. EVIDENCE PRESERVATION

NIC's document retention policy calls for the retention of all materials involved in the investigation and handling of claims and does not allow for intentional destruction of, or purging, of claim documents, including relevant, non-privileged e-mail correspondence, during the pendency of said claim. Likewise, Defendants will preserve all documents, including relevant, non-privileged email, relating to this matter.

///

## 7. DISCLOSURES

The Early Meeting of Counsel took place on February 5, 2008. Counsel engaged in a comprehensive discussion of the anticipated issues involved in this matter and anticipated disclosures of information and categories of documents. NIC served its written Initial Disclosure on February 20, 2008. Documents identified by category in NIC's disclosures are in the process of compilation and photocopying and NIC anticipates formal production of such copies on or before March 7, 2008. Defendants served their written Initial Disclosure on March 3, 2008. Documents identified by category in Defendant's disclosures are in the process of compilation and photocopying.

## 8. DISCOVERY

As stated above, the parties anticipate filing a stipulated request to stay this case, including formal discovery, pending adjudication of the Underlying Action. In light of the concern of all parties regarding the necessity of maintaining the confidentiality of information and materials that may be discovered in this action so as not to disclose that information and materials to the plaintiffs in the Underlying Action, Appian, Monticello and NIC will stipulate that this action may be stayed pending resolution or adjudication of the Underlying Action.

As a result of the above, the parties have not agreed on an appropriate schedule for completion of discovery activity in this matter and request that the Court enter an appropriate order staying the instant litigation until the Underlying Action is resolved, either by settlement or by adjudication.

When commenced, discovery in this action is anticipated to focus on the scope of insurance coverage provided under the insurance policies issued by NIC to Appian and Monticello. Since the Underlying Action is ongoing and no conclusion has been reached, Defendants contend that it is impossible to know how many depositions will be needed in the instant case to determine the full breadth of NIC's duty to defend and indemnify Appian and Monticello. As a matter of course, NIC contends that no such duty to defend and/or indemnify is present. The parties anticipate that necessary depositions in the instant case may include: (1) the parties in the instant case (including NIC's adjuster and the adjuster's supervisor), (2) the experts in the Underlying Action (including the experts designated by the plaintiffs in the Underlying Action, who will testify regarding the cause of the alleged damage to the subject property), (3) the attorneys

defending Appian and Monticello in the Underlying Action (to testify regarding the fees and costs which NIC alleges it is entitled to recover in the instant case), (4) the insurance broker who sold the NIC policies to Appian and NIC, and (5) insurance coverage experts. Hopefully, stipulations by the parties in the instant case will eliminate the need for at least some of these depositions.

NIC does not believe that there will be any necessity to deviate from the discovery limitations imposed by the Local Rules of this Court.

### 9.  CLASS ACTIONS

Not applicable.

### 10.  RELATED CASES

In addition to the Underlying Action, there is one additional case related to the instant case. Another liability insurer which insured Appian and Monticello with regard to the home at issue in the Underlying Action recently filed a lawsuit seeking a declaratory judgment against NIC regarding the coverage limits in NIC's policies. That lawsuit was filed by Certain Underwriters at Lloyds of London ("Lloyds"), and the case is *Certain Underwriters at Lloyds of London v. Navigators Ins. Co., Appian Construction Co., Inc. and 1221 Monticello, L.P.*, Contra Costa County Superior Court Case No. C08-00239 (hereinafter the "Lloyds Action"). The parties will be filing their appearances in that case shortly.

### 11.  RELIEF

NIC's alleged damages on its Complaint consist of the following:

(a)    All sums paid to indemnify Defendants in connection with the Underlying Action which relate to damages not covered by the NIC policies. Such sums cannot be currently calculated because the Underlying Action has not been resolved nor adjudicated and NIC has not made any such payments.

(b)    All defense expenses paid to in the defense of defendants from the claims asserted in the Underlying Action which relate to damages not covered by the NIC policies. Counsel for Appian and Monticello will be provided with evidence of NIC's damage claims in confidence to avoid disclosure of such information to any third-party pursuant to stipulation.

/ / /

/ / /

(c) If the liability of Defendants is established, NIC will seek prejudgment interest commencing on the date the last expense is paid at the rate of 7% pursuant to *California Civil Code § 3287, Hartford Accident & Indemnity v. Sequoia Ins. Co.* (1989) 211 Cal.App.3d 1285.

### 12. SETTLEMENT / ADR

The parties have stipulated to formal, private mediation to take place commencing in April before Randall W. Wulff, Esq. The parties have complied with ADR Local Rule 3-5. Based on the issues involved in the action as well as the status of the Underlying Action, the parties do not anticipate the necessity to complete any particular discovery or motion proceedings prior to mediation.

### 13. CONSENT TO MAGISTRATE

NIC did not consent to adjudication of this case by a Magistrate. Defendants neither consent, nor refuse to consent, to adjudication of this case by a Magistrate.

### 14. OTHER PROCEEDINGS

The parties do not believe that this action is appropriate for reference to binding arbitration, special master, or the judicial panel on multidistrict litigation.

### 15. NARROWING OF ISSUES

The parties submit that much, if not all, of the documentation that will be relevant to the trial of this action is appropriate for authentication and admissibility by stipulation of the parties and they will make every effort to streamline such evidentiary issues prior to trial. Similarly, numerous facts regarding the relevant insurance policies are likely to be subject to appropriate stipulation as well. NIC is currently unaware of whether there are claims, defenses or other issues that will be appropriate for bifurcation at the time of trial.

### 16. EXPEDITED SCHEDULE

The parties do not believe this case is appropriate for expedited scheduling, at least unless and until resolution of the Underlying Action occurs for the reasons stated at Section 8 – "Discovery" above. When a resolution or adjudication of the Underlying Action occurs, NIC believes this action may well be appropriate for an expedited schedule inasmuch as many of the fundamental factual issues and evidence may then be settled. Defendants, on the other hand, contend that it cannot be determined whether this

matter will merit expedited scheduling until the Underlying Action is resolved, since it is impossible to know at this time the manner in which it will be resolved (e.g., settlement or judgment), and whether the resolution will or will not involve adjudication of issues in the Underlying Action.

### 17. **SCHEDULE**

All scheduling issues tend to be affected by whether the Court intends to issue a stay of proceedings as discussed at Section 8 – "Discovery" above.

### 18. **TRIAL**

NIC anticipates that the trial of this action will be to the bench and estimates the length of the trial to be within the range of 10 – 20 days. Defendants submit that it is not possible to estimate the length of the trial in this case since no resolution by settlement or trial has occurred in the Underlying Action, and the manner of resolution in that case may affect the length of trial in this case. Defendants have requested a trial by jury.

### 19. **NON-PARTY INTERESTED ENTITIES**

Pursuant to Civil L.R. 3-16, NIC, Appian, and Monticello have filed a certification identifying those entities which (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding as follows:

NIC:          NAVIGATORS INSURANCE COMPANY.

Appian:       Defendant Appian Construction Co., Inc.

Monticello:   Defendant 1221 Monticello, LP

Double Bogey, LP:  limited partner in 1221 Monticello, LP

### 20. **OTHER ISSUES**

As noted in the introductory section above, the parties anticipate submission of a stipulation to stay the further litigation of the instant case pending resolution or adjudication of the Underlying Action.

In addition, the parties are attempting to fashion an appropriate confidentiality stipulation and proposed order to ensure that pleadings and discovery exchanged and/or filed in this action are not made a public record and disclosed to, among others, adverse parties in the Underlying Action. The parties are in

the process of preparing an appropriate order and will submit same for the Court's consideration at the Case Management Conference.

DATED: March 3, 2008

WOLKIN CURRAN, LLP

By: _____
David F. Myers
Attorneys for Plaintiff
NIC INSURANCE COMPANY

DATED: March 3, 2008

JACKSON DEMARCO TIDUS PETERSEN & PECKENPAUGH

By:  /s/ Edward A. Galloway
Edward A. Galloway
Attorneys for Defendants
APPIAN CONSTRUCTION COMPANY, INC and
1221 MONTICELLO, LP